UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DELENORE L. McTARSNEY, | ) CAUSE NO. 1:13-CR-00183-MPM-001 |
| Defendant. | ) ) |

### PLEA AGREEMENT

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and by Sharon M. Jackson, Assistant United States Attorney, and the Defendant, DELENORE L. MCTARSNEY, in person and by counsel, Gwendolyn M. Beitz, hereby inform the Court that a Plea Agreement has been reached in this cause pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) and the following are its terms and conditions:

1.  DELENORE L. MCTARSNEY agrees to enter a plea of guilty to Count 12 of the Indictment which charges him Transmitting Threats in Interstate Commerce. In exchange for the concessions made and received in this agreement, the United States will move to dismiss the remaining counts following sentencing. However, for purposes of imposing sentence in this cause, the defendant,

1

DELENORE L. MCTARSNEY, stipulates that he committed all the criminal acts charged in Counts 1 through 15 of the Indictment in this cause.

2. Count 12 charges that DELENORE L. MCTARSNEY committed Transmitting Threats through Interstate Commerce in violation of Title 18, United States Code, Section 875(c), which is a felony and punishable by a prison term of not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years following any term of imprisonment.

The elements of this charge are that:

(1) the defendant transmitted in interstate or foreign commerce a communication containing a threat to kidnap or injure a person;

(2) the defendant acted knowingly.

3. DELENORE L. MCTARSNEY understands that the Court will use its discretion to fashion a sentence within the statutory ranges set forth in Paragraph 2 above. DELENORE L. MCTARSNEY agrees and understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range. DELENORE L. MCTARSNEY agrees and understands that the Court will also consult and take into account the United States Sentencing Guidelines (U.S.S.G.) in determining the appropriate sentence within the statutory range. DELENORE L. MCTARSNEY agrees and understands that the U.S.S.G. are not mandatory or binding on the Court, but are advisory in nature. DELENORE L. MCTARSNEY agrees and understands that the final determination of the sentence, including the applicable advisory guideline

calculation, criminal history category, and sentencing guideline range will be made by the Court.

4. DELENORE L. MCTARSNEY acknowledges that this plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of his sentence is within the discretion of the Court. DELENORE L. MCTARSNEY understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different sentencing guideline range applies in this case, or decides to depart from the otherwise applicable sentencing guideline range pursuant to Title 18, United States Code, Section 3553(b), then DELENORE L. MCTARSNEY will not be permitted to withdraw his plea of guilty for that reason and will be bound by his plea of guilty.

## SPECIFIC PROVISIONS

5. **Count of conviction:** The defendant, DELENORE L. MCTARSNEY, will enter a plea of guilty to Count 12 of the Indictment. In exchange for this and other concessions found in this agreement, following sentencing, the government will move to dismiss Counts 1 – 11 and 13 – 15.

6. **Recommendation on imprisonment:** At the time of sentencing the parties will be free to request any sentence, including a request for a variance from the guideline range established by the parties' stipulations outlined in paragraphs 16 – 21 below.

7. **Supervised release:** The parties retain the right to present evidence and argument to the Court as to the length of any period of supervised release and the terms and conditions of the release.

8. **Restitution:** The parties agree that restitution is inapplicable in this case.

9. **Fine:** The parties leave to the Court's discretion the amount of fine, if any, to be imposed in this case.

10. **Special Assessment:** DELENORE L. MCTARSNEY will pay a total of $100.00 on the date of sentencing to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to Title 18, United States Code, Section 3013.

11. **Forfeiture:** The defendant, DELENORE L. McTARNSEY, agrees to forfeit all of his right, title, and interest in the following property that was seized in August, 2013 from the defendant's residence, specifically: computers, swords, knives, ammunition, ammunition magazines, firearm holsters.

12. **Other Charges:** In exchange for the concessions made in this agreement, the United States Attorney's Office for the Southern District of Indiana agrees not to bring any other charges against DELENORE L. MCTARSNEY regarding the facts and circumstances set forth in the Indictment.

13. **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for

the purpose of imposing an appropriate sentence. DELENORE L. MCTARSNEY acknowledges and understands that, notwithstanding the agreement not to bring additional charges as outlined above, the United States is not prohibited from providing information concerning the background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

14. **Financial Information:** Additionally, DELENORE L. MCTARSNEY agrees that as of the date of filing this plea agreement he will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to DELENORE L. MCTARSNEY for use in the collection of any fines and restitution imposed by the Court.

15. **Waiver of Appeal Rights:** DELENORE L. MCTARSNEY understands that he has a statutory right to appeal the sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the United States in this Plea Agreement, he agrees that in the event the Court sentences him to a sentence that is at or lower than an adjusted offense level of 14, he expressly waives his right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742 including, but not limited to, a collateral action brought under Title 28, United States Code, Section

2255. Additionally, the defendant also expressly agrees not to contest or seek to modify his conviction or sentence or the manner in which it was determined in any proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255. This waiver does not encompass claims that the defendant received ineffective assistance of counsel in the negotiation of the plea or plea agreement.

## SENTENCING GUIDELINES STIPULATIONS

16.   Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the sentencing guidelines applicable in this case.

17.   The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

18.   The parties stipulate and agree that the applicable Sentencing Guideline for Count 12, Transmitting Threats in Interstate Commerce, is U.S.S.G. § 2A6.1 (Threatening or Harassing Communications; Hoaxes).

   A.   The base offense level is 12 pursuant to § 2A6.1(a)(1).

   B.   The parties stipulate that the base offense level should be increased by two (2) levels pursuant to U.S.S.G. § 2A6.1(b)(2) as the offense involved more than two threats.

   C.   The adjusted offense level is fourteen (14).

19.   The parties stipulate and agree that the adjustment in U.S.S.G. § 3A1.2 (Official Victim) applies in this case as one or more of the victims were

government officers or employees or a member of the immediate family of such a person warranting a three (3) level increase to the offense level.

20.     The parties agree that, based upon the information known at the time of this agreement, the other adjustments in U.S.S.G. Chapter Three, Part A (Victim-Related), and the adjustments in Part B (Role in the Offense) and Part C (Obstruction) are inapplicable in this case.

21.     *Provided that* DELENORE L. MCTARSNEY continues his acceptance of responsibility for his criminal acts, the parties agree that the combined adjusted offense level should be reduced by 2 levels pursuant to U.S.S.G. §3E1.1 (Acceptance of Responsibility).  Given the timely nature of the defendant's decision to enter this plea of guilty and allowing the Government to avoid preparing for trial, the United States will move that the defendant should be accorded an additional 1 level reduction under U.S.S.G. §3E1.1, again provided that the defendant continues his acceptance of responsibility for his criminal acts.

## FINAL PROVISION

22.     DELENORE L. MCTARSNEY acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce DELENORE L. MCTARSNEY to plead guilty. This document is the complete and only plea agreement between DELENORE L. MCTARSNEY and the United States Attorney for the Southern District of Indiana and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in

writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

| FOR THE DEFENSE: | FOR THE UNITED STATES: |
|---|---|
| | JOSEPH H. HOGSETT<br>United States Attorney |
| *[signature]*<br>DELENORE L. MCTARSNEY<br>Defendant | By: *[signature]*<br>Sharon M. Jackson<br>Assistant United States Attorney<br>10/16/2013 |
| Date: 10-16-2013 | Date: 10-16-2013 |
| *[signature]*<br>Gwendolyn M. Beitz<br>Counsel for the Defendant | |

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

8

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea(s).

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 10 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two (2) level increase in the offense level.

10-16-2013
Date

*Delenore L. McTarsney* (signature)
DELENORE L. MCTARSNEY
Defendant